UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN OSIA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:06-CV-658 CAS |
| MID-CENTURY INSURANCE COMPANY/ FARMERS INSURANCE GROUP, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs John and Ursula Osia's motion to remand or to dismiss federal proceedings. Defendant Mid-Century Insurance Company filed a memorandum in opposition. For the following reasons, the Court will deny plaintiffs' motion to remand the case to state court for lack of subject matter jurisdiction.

**I. Background**

Plaintiffs filed this action in state court against their insurance company, Mid-Century, for breach of a fire insurance contract, statutory penalties, and attorney's fees. In their petition, plaintiffs assert that Mid-Century has refused to compensate them for damages totaling $64,257.46 sustained in a catastrophic fire. Plaintiffs also request additional damages against Mid-Century for a vexatious refusal to pay claim under Missouri Revised Statutes §§ 375.296.420 and 375.420 in the amount of $6,175.75 and for reasonable attorney's fees. On April 19, 2006, Mid-Century removed this action to federal court. The Court set this action for a Rule 16 Conference set for today's date. Plaintiffs filed the motion to remand on May 5, 2006.

**II. Standard**

This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987). As the removing party in a case based upon diversity of citizenship, defendant has the burden of proving the jurisdictional amount. To meet its burden, a removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. In re Minnesota Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 836 (8th Cir. 2003).

In determining the amount in controversy, both punitive damages and attorney's fees are considered. See Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages); Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees). However, "only statutory attorney fees count toward the jurisdictional minimum calculation." Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005) (citing Crawford v. F. Hoffman-LaRoche Ltd., 267 F.3d 760, 765 (8th Cir. 2001)).

**III. Discussion**

In their motion to remand, plaintiffs assert that this action does not meet the amount in controversy for the following reasons: (1) plaintiffs' loss was mitigated by sale of the property in "as is condition" at a loss of $4,000.00, thereby reducing plaintiffs' claim to $60,257.46; (2) the total amount of damages recoverable under the vexatious refusal to pay statutes is $6,175.75; (3) attorney's fees available under the vexatious refusal to pay statutes are not mandatory, and

2

therefore should not be considered when determining the amount in controversy, and (4) any estimate of a potential attorney's fee award would be speculative. Mid-Century responds that attorney's fees do not have to be mandatory to be considered for jurisdictional purposes and the Court is able to determine that a reasonable estimate of attorney's fees could exceed $8,566.79, thus meeting the amount in controversy. Mid-Century asserts that assuming a twenty-five percent contingency fee on a recovery of actual damages and statutory penalties, attorney's fees would be approximately $16,608.30.

Based on the foregoing and the Court's experience with attorney fee awards, the Court finds that Mid-Century has met its burden to establish that the jurisdictional amount in this action exceeds $75,000.00. Therefore, the Court will deny plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand or to dismiss federal proceedings is **DENIED**. [Doc. 7]

                              _____
                              **CHARLES A. SHAW**
                              **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of May, 2006.